UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

JAMES MICHAEL MURRAY                        CIVIL ACTION NO. 20-0825

                                            SECTION P

VS.

                                            JUDGE TERRY A. DOUGHTY

WARDEN ANDERSON, ET AL.                     MAG. JUDGE KAREN L. HAYES

<u>REPORT AND RECOMMENDATION</u>

Plaintiff James Michael Murray, a prisoner at Madison Parish Correctional Center

("MCC") proceeding pro se and in forma pauperis, filed this proceeding on approximately June

29, 2020, under 42 U.S.C. § 1983.  He names the following defendants: Warden Anderson,

Major Farmer, Captain McDowell, and LaSalle Management, LLC ("LaSalle").[1]  For reasons

that follow, the Court should dismiss Plaintiff's claims.

<u>Background</u>

Plaintiff, a pre-trial detainee with "many medical needs and concerns," arrived at MCC

on June 19, 2020.  [doc. # 1, p. 4].  He claims that, because MCC lacks "proper hospital quarters

and/or medical housing[,]" it is in violation of LA. REV. STAT. § 15:760, as well as Article 1,

Sections 1, 3, 20, and 24 of the Louisiana Constitution.  *Id.* at 3.  Plaintiff heard a physician at

MCC state that he did not "understand why all of these other jails and facilities keep sending all

of these prisoners and inmates with all of these medical problems here to this facility because

this facility is not fit to take care of all these medical problems and needs because there is no

infirmary, medical housing [], nor is this a nursing home.  [sic]."  *Id.* at 4.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under
28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff faults LaSalle for failing to "make sure that the facility is in accordance and complies with all state laws" because LaSalle "is in control of and is the governing authority in charge of [MCC]." [doc. #s 1, p. 3; 6, p. 2]. He faults Anderson, Farmer, and McDowell because they "are the persons that oversee and operate the facility." [doc. # 1, p. 3].

Plaintiff claims that his fractured vertebrae, pinched nerves in his spine, and seizures, which cause him extreme pain and suffering, have not been treated. [doc. # 6, p. 1]. He suggests that he has not received treatment because MCC does not have the medical facilities to treat him. *Id.*

Plaintiff also claims that he has not received treatment or medication for his "P.T.S.D., ADHD, Insomnia, Bipolar, and Depression." *Id.* As a result, he suffers from mental harm and anguish. *Id.* He alleges that Warden Anderson and Major Farmer "are aiding and assisting LaSalle Management LLC with denying [him] adequate medical care, treatment and housing . . . ."

Plaintiff asks the Court to transfer him to another facility with proper hospital quarters, to relocate all prisoners at MCC to other facilities, and to award $250,000.00 for his pain, suffering, and mental anguish. [doc. #s 1, pp. 6-7; 6, p. 2].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2]  See *Martin v. Scott,* 156 F.3d

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations

578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis*,* his

Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b)

provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is

frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks

monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is

"based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the

unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual

contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead

"enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,*

550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is

facially plausible when it contains sufficient factual content for the court "to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing

*Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies

somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a

reasonable expectation that discovery will reveal evidence to support the elements of the claim.

*Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific

task that requires the reviewing court to draw on its judicial experience and common sense."

---

of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary
program."

*Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Violating a State Statute**

In what seems to be the main thrust of Plaintiff's complaint, he claims that, because MCC lacks "proper hospital quarters and/or medical housing[,]" it is in violation of LA. REV. STAT. § 15:760, as well as Article 1, Sections 1, 3, 20, and 24 of the Louisiana Constitution. *Id.* at 3.

This claim, however, is not cognizable under Section 1983. "[A] violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights." *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005); see *Al-Faruq v. Granberry*, 16 F.3d 1216 (5th Cir. 1994) (observing that Section 1983 relief is not available for a violation of a state constitution because it "raises no federal constitutional issue."). Plaintiff's claim, rather, arises only under state law.

The Court should dismiss this claim without prejudice to Plaintiff's right to raise it before a state court.

**3. Standing**

Plaintiff seeks relief on behalf of other prisoners at MCC, requesting that they "be relocated to other facilities and LaSalle Management be prohibited from using the camp for the purpose of confining prisoners . . . ." [doc. # 1, p. 6].

Persons claiming a deprivation of constitutional rights are required to show a deprivation of their personal rights, as opposed to the rights of others. *Coon v. Ledbetter*, 780 F.2d 1158, 1159 (5th Cir. 1986); *Barrows v. Jackson*, 346 U.S. 249, 255 (1953) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party."). In *Resendez v. Texas*, 440 F. App'x 305, 306 (5th Cir. 2011), for example, the court held that, "to the extent that [the plaintiff] seeks to raise issues regarding the illegal confinement of other prisoners . . . , he lacks standing to bring those claims." See *Kennedy v. Dallas Police Dep't*,

2007 WL 30260, at *2 (N.D. Tex. Jan. 4, 2007) (plaintiff may bring a Section 1983 action only for deprivations he suffered).[3]

In addition, Plaintiff may not act as counsel for other prisoners. See, e.g., *Wade v. Carrollton–Farmers Branch Indep. Sch. Dist*., 2009 WL 2058446, at *2 (N.D. Tex. July 14, 2009) ("[I]ndividuals who do not have a law license may not represent other parties even on a next friend basis."). Parties can represent themselves or they can be represented by an attorney; a non-lawyer cannot represent them. See *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (citing *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-09 (2d Cir. 1991) (reviewing authority)).

The Court should dismiss this claim.

### 4. Warden Anderson, Major Farmer, and Captain McDowell

Plaintiff claims that he has not received medical care because MCC lacks proper hospital quarters, medical housing, "and/or" an infirmary. [doc. # 1, pp. 3-4]. He faults Anderson, Farmer, and McDowell, alleging that they "oversee and operate the facility." *Id.* at 3. He adds that Anderson and Farmer are "the high administration personnel over the facility (MCC) and they choose to continue to operate this facility and house inmates without bringing the facility up to state standards . . . ." [doc. # 6, p. 2].

"Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally

---

[3] See also *Gregory v. McKennon*, 430 F. App'x 306, 310 (5th Cir. 2011) (holding that the plaintiff "would lack standing to seek § 1983 damages for violations of other prisoners' rights . . . ."); *Doe ex rel. Doe v. Beaumont Indep. Sch. Dist*., 173 F.3d 274, 281 (5th Cir. 1999), on reh'g en banc sub nom. *Doe v. Beaumont Indep. Sch. Dist*., 240 F.3d 462 (5th Cir. 2001) ("[W]hen making a determination of standing[,]" trial courts "are exhorted to consider . . . whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.").

result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994). "'[A] plaintiff must show either [that] the supervisor personally was involved in the constitutional violation or that there is a sufficient causal connection between the supervisor's conduct and the constitutional violation.'" *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018) (quoting *Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003)).

Here, Plaintiff does not plausibly allege that Anderson, Farmer, or McDowell affirmatively participated in denying him medical care. Likewise, he does not allege that there is a sufficient causal connection between defendants' conduct and the alleged constitutional violation. Thus, the Court should dismiss Plaintiff's individual-capacity claims against Anderson, Farmer, and McDowell.[4]

Next, Plaintiff suggestively seeks relief from defendants in their official capacities. That said, while he alleges that defendants are "high administration" who oversee and operate the facility, he does not plausibly allege that they implemented an unconstitutional policy that caused his injuries.

To explain, Plaintiff claims that he has not been treated for a fractured vertebrae, pinched nerves, and seizures because the facility lacks "proper" hospital quarters, medical housing,

---

[4] See *Dedrick v. Richards*, 47 F.3d 425 (5th Cir. 1995) ("An official who is sued in her individual capacity cannot be liable under § 1983 on the theory of *respondeat superior;* to be liable she must have been personally involved in the plaintiff's injury."); *Salcido v. Univ. of S. Mississippi*, 557 F. App'x 289, 292 (5th Cir. 2014) ("To make out a § 1983 claim against the Defendants in their individual capacities, Salcido must show that they were either personally involved in the constitutional violations alleged or that their wrongful actions were causally connected to the constitutional deprivation.").

"and/or" an infirmary.[5]  He does not define or describe the quarters, housing, or infirmary that the MCC lacks, and he never explains why the facilities are improper.  In this respect, he does not plausibly allege an unconstitutional policy.  See *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570) (a claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Even assuming Plaintiff plausibly alleged that the defendants implemented a policy of overseeing or operating a facility lacking such quarters, housing, or an infirmary—or a policy of failing to implement such medical facilities—he does not plausibly allege that the supposed policy caused *a violation of his constitutional rights*.  In his initial pleading, he alleges that on June 23, 2020, he informed Dr. Elijah Booth of "all of [his] medical issues and concerns . . . ." [doc. # 1, p. 4].  Dr. Booth and a nurse evaluated him.  *Id.*  However, while he alleges that Booth expressed irritation about the inadequacy of MCC's medical facilities, Plaintiff does not allege that Booth (or the nurse) failed to render medical care.  By extension, he does not allege that Booth failed to render care because of the 'improper' medical facilities.  *Id.*  In this respect, Plaintiff does not plead a violation of his constitutional rights; rather, it seems he disagrees with the care he did receive.[6]

Next, to the extent Plaintiff claims that his lack of treatment is unrelated to his audience with Dr. Booth and the nurse, he does not plausibly allege that the ostensible policy of maintaining improper medical facilities *caused* a violation of his constitutional rights.  Only in Plaintiff's amended pleading does he claim, for the first time, that he has not been treated for a

---

[5] Below, the undersigned addresses Plaintiff's claim concerning his mental health (i.e. his "P.T.S.D., ADHD, Insomnia, Bipolar, and depression").

[6] See *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely . . . ineffective . . . do not amount to deliberate indifference . . . .").

fractured vertebrae, pinched nerves, and seizures. *Id.* He does not specify when he incurred these injures, how long he endured them, whether he requested treatment, when he requested treatment, or what treatment he requested or needed. [doc. # 6, p. 1]. He does not allege that anyone informed him that he cannot obtain treatment because of MCC's alleged inadequacies; nor does he allege that any defendant implemented a policy of failing to provide care off premises when the facility lacks the means to provide care on site. Likewise, he does not explain why he requires care in on-site hospital quarters, medical housing, or an infirmary as opposed to, for example, treatment in any other area on the premises or treatment in an off-premises location.[7] Similarly, by claiming that MCC does not maintain *proper* medical quarters, medical housing, or an infirmary, he suggests that MCC does indeed maintain such facilities (just not proper ones); however, he never explains why the medical facilities are improper.[8]

Instead, Plaintiff merely speculates that he has not been treated because MCC lacks "proper" on-site hospital quarters, medical housing, "and/or" an infirmary—facilities he does not define or describe. *Id.* In other words, he does not plausibly allege that the ill-defined policy, practice, custom, or procedure caused a violation of his constitutional rights.[9] Even construed liberally and in his favor, this claim is vague and conclusory. See, e.g., *Brown v. Megg*, 857 F.3d 287, 290 (5th Cir. 2017) (finding that the plaintiff offered "no proof that he suffered any injury as a result of doctors not being present at night" and concluding: "The magistrate judge also

---

[7] See *Anderson v. Marshall Cty., Miss.*, 637 F. App'x 127, 133–34 (5th Cir. 2016) (finding that a county could constitutionally balance inmate safety and fiscal prudence by "adopting a policy of calling for outside doctors instead of relying on in-house medical professionals.").

[8] Of note, prisoners are not constitutionally entitled to the best medical care that money can buy. *Mayweather v. Foti*, 958 F.2d. 91 (5th Cir. 1992).

[9] Plausibility does not equate to possibility or probability; it lies somewhere in between.

9

correctly rejected Brown's claims based on doctors not being on site around-the-clock. Brown cites no authority, and we have found none, requiring that as a general matter.") (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982) (en banc) (noting the Eighth Amendment requires that prison medical staff be "able to treat medical problems *or to refer prisoners to others who can*") (emphasis added).

The Court should dismiss these claims.

**5. LaSalle Management, LLC**

Private prison management companies may not be held vicariously liable for the civil rights violations of their employees or agents. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). They can be found liable only if they cause the constitutional violation at issue, for example, by establishing an unconstitutional policy or custom. See *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). To recover, a plaintiff must demonstrate "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

To demonstrate that the policy was the "moving force" behind a constitutional violation, a plaintiff must "demonstrate a direct causal link between the [] action and the deprivation of federal rights." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997). "[T]he connection must be more than a mere 'but for' coupling between cause and effect." *Valle v. City of Houston*, 613 F.3d 536, 546 (5th Cir. 2010) (quoting *Thompson v. Connick,* 578 F.3d 293, 300 (5th Cir. 2009)).

10

Here, as explained above, Plaintiff does not plausibly allege a policy. He alleges that the facility lacks "proper" hospital quarters, medical housing, "and/or" an infirmary but he does not define or describe the quarters, housing, or infirmary that MCC should have, and he never explains why the medical facilities that MCC has are improper. See *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) ("The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.").

In addition, again as above, Plaintiff does not plausibly allege that any ostensible policy was the moving force of any constitutional violation. While he does allege that the lack of proper medical quarters is why he has not received medical attention, his allegation is simply too thin and speculative to be plausible.[10] See *Clyce v. Hunt Cty., Tex.*, 515 F. App'x 319, 324–25 (5th Cir. 2013) (finding no "direct causal link" between a detainee's lack of care and a policy of "not having an on-site medical provider" because the detainee was treated by an off-site physician who failed to diagnose the illness).

To be sure, "the conclusion that the action taken or directed by the municipality or its authorized decisionmaker itself violates federal law will also determine that the municipal action was the moving force behind the injury of which the plaintiff complains." *Brown*, 520 U.S. at 405. Here, however, even assuming Plaintiff alleged that MCC lacked any on-site hospital quarters, medical housing, or an infirmary—which he does not—he would not plausibly allege that LaSalle took action that violated federal law.

_____

[10] To reiterate, assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

In *Brown*, 857 F.3d at 290, for instance, the court concluded: "The magistrate judge also correctly rejected Brown's claims based on doctors not being on site around-the-clock. Brown cites no authority, and we have found none, requiring that as a general matter." The court cited *Hoptowit*, 682 F.2d at 1253, with approval, which noted that the Eighth Amendment requires that prison medical staff be "able to treat medical problems or to refer prisoners to others who can[.]" Likewise, in *Clyce*, 515 F. App'x at 324–25, the court opined that a "policy of not having an on-site medical provider" was not "itself unconstitutional . . . ." See *Anderson v. Marshall Cty., Miss.*, 637 F. App'x 127, 133–34 (5th Cir. 2016) (finding that a county could constitutionally balance inmate safety and fiscal prudence by "adopting a policy of calling for outside doctors instead of relying on in-house medical professionals.").

The Court should dismiss these claims against LaSalle.

## 6. Mental Health

Plaintiff claims that MCC "does not have any form of mental health treatment" and that living "without any mental health treatment or meds [sic] is harming [him] mentally and causing mental anguish." [doc. # 6, p. 1]. He suffers from "P.T.S.D., ADHD, Insomnia, Bipolar, and Depression[.]"[11] *Id.*

Plaintiff seeks compensation for his mental anguish. *Id.* at 2. Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation,

---

[11] While not dispositive, the undersigned highlights that Plaintiff does not allege that he requested mental-health care or that, even if he did, any named defendant was deliberately indifferent to his needs.

that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff "brought" this action when he was incarcerated. [doc. # 1]. He seeks monetary compensation for only mental or emotional injuries he suffered in custody. He does not allege that, because he has not received care for his mental health, he suffered a physical injury or any other injury compensable by monetary relief.[12] Plaintiff may not recover compensatory damages for his mental or emotional injuries. See *Edler v. Hockley Cty. Comm'rs Court*, 589 F. App'x 664, 670 (5th Cir. 2014) (finding that the district court "properly dismissed [the plaintiff's] claims of inadequate psychological care because . . . he did not suffer physical injury.").[13]

Plaintiff also requests transfer to another facility. A prisoner, however, has no constitutional right to be housed in any particular facility or transferred from one facility to another, even if conditions and amenities in one may be preferable to another. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Fuselier v. Mancuso*, 354 F. App'x 49, 2009 WL

---

[12] While perhaps unnecessary to highlight, Plaintiff does not allege that he required care for his mental health to treat his physical injuries.

[13] See also *Powell v. Washington*, 720 F. App'x 222, 229 (6th Cir. 2017) ("Powell claims that the defendants were deliberately indifferent to his psychiatric or psychological needs by continuing to confine him in administrative segregation despite his complaints that it was causing his mental health to deteriorate. Powell has not alleged that he sustained a physical injury that resulted from his confinement in administrative segregation; therefore, he cannot recover damages for any psychological injury he allegedly suffered from his detention.").

3780729, at *1 (5th Cir. Nov. 12, 2009).  "The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement."  *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("[T]he State may confine [a prisoner] and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution.").

Moreover, in Louisiana, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department.  The secretary of the department may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training, and security needs established by the department."  LA. REV. STAT. §15:824(A).

Here, as Plaintiff has no federal constitutional right to be transferred to, or confined in, a place of his choosing, and because Plaintiff's placement lies solely in the purview of the Department of Public Safety and Corrections, the Court should deny his request for a transfer.

As Plaintiff does not seek cognizable relief for this claim, the Court should dismiss it.

**7. Miscellaneous Claims**

In an attachment to his amended pleading, Plaintiff tentatively raises (for the first time) a litany of miscellaneous claims unrelated to his initial pleading:

  ° There is black mold in the showers;

  ° Pre-trial inmates are housed with convicted inmates;

  ° There are no ladders on any of the bunks;

  ° There is no PREA information posted anywhere;

  ° Inmates "do not ever leave out of the dorm for anything.  No rec time or fresh air";

     ° There are no church or religious services;

     ° There is no dining hall;

     ° There is no dietician;

     ° Inmates "never get to go to the law library";

     ° Inmates "are just thrown into a dorm with no hope of rehabilitation";

     ° "Nothing but knives, violence, and drugs"; and

     ° "The cameras don't even record video[.]"

[doc. # 6-2].

     Plaintiff, however, neither identifies a responsible defendant nor seeks cognizable relief. As to the latter, he seeks a transfer, relief on behalf of other inmates, and compensation, but: (1) Plaintiff has no federal constitutional right to be transferred to, or confined in, a place of his choosing, and his placement lies solely in the purview of the Department of Public Safety and Corrections; (2) he lacks standing to pursue relief on behalf of other inmates; and (3) he may not recover monetary compensation because he does not allege that he suffered a more-than-de-minimis physical injury or any other injury compensable by monetary relief as a result of the claims above.[14]  As he seeks no cognizable relief, the Court should dismiss these claims.

## <u>Recommendation</u>

     For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff James Michael Murray's claims that defendants violated LA. REV. STAT. § 15:760, and the Louisiana Constitution be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to raise them before a state court.

---

[14] 42 U.S.C. § 1997e(e).

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims on behalf of other inmates be **DISMISSED WITHOUT PREJUDICE** for lack of standing and as frivolous.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 16th day of July, 2020.

Karen L. Hayes
United States Magistrate Judge